UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THEODORE PARISIENNE,

                        Plaintiff,

    - against -

TOWNSQUARE MEDIA, INC.

                        Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Theodore Parisienne ("Parisienne" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Townsquare Media, Inc. ("Townsquare" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of rapper Sidney Royel Selby known as Desiigner owned and registered by Parisienne, a New York based photojournalist. Accordingly, Parisienne seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Parisienne is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 159 Martin Luther King Jr. Place, 2nd fl., Brooklyn, New York, 11206.  Parisienne's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Townsquare is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 900 3rd Avenue, New York, New York 10022. At all times material hereto, Townsquare has operated their Twitter Page the URL: www.Twitter.com/xxl (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On September 10, 2016, Parisienne photographed rapper Sidney Royel Selby known as Desiigner, outside of Manhattan Criminal Court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Parisienne then licensed the Photograph to The New York Daily News. On September 10, 2016, The New York Daily News ran an article that featured the Photograph on its web edition entitled, *Desiigner free on misdemeanor menacing, drug charges*.  See http://www.nydailynews.com/new-york/desiigner-free-misdemeanor-menacing-drug-charges-article-1.2786746. Parisienne's name was featured in a gutter credit identifying him as the

photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Parisienne is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph has a United States Copyright number of VA 2-023-503.

**B. Defendant's Infringing Activities**

11. Upon information and belief, on or about September 2016, Townsquare copied the Photograph and pasted it on their Twitter account with the headline *The NYPD f\*cked this one up. Could Desiigner sue them for it?* See https://twitter.com/xxl/status/775550837879889920. The Website prominently featured the Photograph. A true and correct copy of the Website is attached hereto as Exhibit C.

12. Their Twitter account with the Photograph had 95 retweets and 213 likes.

13. Townsquare did not license the Photograph from Plaintiff for its Website, nor did Townsquare have Plaintiff's permission or consent to publish the Photograph on its Website.

14. Upon information and belief, Townsquare removed Parisienne gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOWNSQUARE)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

16. Townsquare infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Townsquare is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Townsquare have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TOWNSQUARE**
**(17 U.S.C. § 1202)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. When the Photograph was published in an article in The New York Daily News, the article contained copyright management information under 17 U.S.C. § 1202(b).

25. Upon information and belief, in its article on the Website, Townsquare intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

26. The conduct of Townsquare violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Townsquare's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Townsquare intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Townsquare also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

29. As a result of the wrongful conduct of Townsquare as alleged herein, Plaintiff is entitled to recover from Townsquare the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Townsquare because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Townsquare statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Townsquare be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Townsquare be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
January 23, 2017

                                                      LIEBOWITZ LAW FIRM, PLLC

                                                      By: /s/Richard Liebowitz
                                                          Richard P. Liebowitz
                                                    11 Sunrise Plaza, Suite 305
                                                    Valley Stream, NY 11580
                                                    Tel: (516) 233-1660
                                                    RL@LiebowitzLawFirm.com

                                                    *Attorneys for Plaintiff Theodore Parisienne*